```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

CARMICHELL BELL,            )
                            )
            Plaintiff,      ) Civil No. 99-327-JE
                            )
        v.                  )
                            ) ORDER
CLACKAMAS COUNTY, et al,    )
                            )
            Defendants.     )
_____)
```

JELDERKS, Magistrate Judge:

    Plaintiff brought numerous claims against defendants Clackamas County, the Clackamas County Sheriff's Office and several Clackamas County Deputy Sheriffs.  The court granted summary judgment in defendants' favor on several of the claims, and plaintiff conceded summary judgment on three of the claims.  Plaintiff proceeded to trial on his remaining discrimination claims brought under Title VII, Section 1981, and Section 1983.  The court conducted a three-week trial in this matter, with

1 - ORDER

approximately 12 days of actual court time and 2 days of jury deliberations. The jury returned a verdict in plaintiff's favor for approximately $1.4 million in economic, noneconomic and punitive damages. Following post-trial motions, the court entered judgment in plaintiff's favor for $872,446.42.

Plaintiff now petitions for attorney's fees and costs under 42 U.S.C. § 1988. Defendants have requested by letter that the court enter an amended judgment to clearly reflect the judgment with respect to defendants Clackamas County Sheriff's Office and Pat Detloff. The court construes that letter request as a motion to amend the judgment and without further discussion, the court grants that motion. For the following reasons, plaintiff's motion for attorney fees and litigation expenses is granted in part and denied in part.

DISCUSSION

1. Attorney Fees

A plaintiff prevailing in an action brought pursuant to Section 1981 and Section 1983 is entitled to seek recovery of attorney fees, expert fees, and costs. See 42 U.S.C. § 1988. Determination of an appropriate award of attorney fees and costs is within the sound discretion of the trial court. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The court's calculation of an attorney fee award begins with the lodestar figure which is "the number of hours reasonably

2 - ORDER

expended on the litigation multiplied by a reasonable hourly rate." <u>Pennsylvania v. Delaware Valley Citizen's Council for Clean Air</u>, 478 U.S. 546, 564 (1986).  Plaintiff carries the burden of proving the lodestar figure.  <u>Id.</u>

In determining the lodestar figure, the court may consider the factors set forth in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975); <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379, 1383 (9th Cir. 1990).  These factors include the novelty or difficulty of the case; the skill required to litigate those issues and the experience of counsel; the preclusion of other employment; time limits; the amount at stake; the results obtained; and the undesirability of the case.  However, whether the fee is fixed or contingent cannot be a factor in determining the basic fee.  <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

The court may adjust the lodestar downward if the plaintiff has achieved only partial or limited success; <u>Hensley</u>, 461 U.S. at 435; or upward in "rare" and "exceptional" cases.  <u>Delaware Valley</u>, 478 U.S. at 565.  There is a strong presumption that the lodestar figure represents a reasonable fee.  <u>Miller v. Los Angeles County Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir. 1987).

Additionally, the court must consider the "prevailing market rates in the relevant community" to establish the lodestar figure.

3 - ORDER

Blum v. Stenson, 465 U.S. 886, 895, n. 11 (1984). The relevant community "is one in which the district court sits." Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991). These rates are set by determining what a lawyer of comparable skill, experience and reputation could command in the relevant community. Blum, 465 U.S. at 895, n. 11. In order to meet this burden of proof, the fee applicant must "produce satisfactory evidence-in addition to the attorney's own affidavits" that the requested rates are prevailing market rates under this standard. Davis v. City & County of San Francisco, 976 F.2d at 1545. The contingent nature of the litigation is not a relevant factor in determining a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 564 (1992); Davis v. City & County of San Francisco, 976 F.2d at 1549.

Plaintiff seeks to recover attorney fees in the amount of $382,680.00. This amount is based upon 656.8 hours of work performed by his attorney, Charles P. Duffy, at a rate of $200.00 per hour; and 618.8 hours of work performed by his attorney, Therese Lavallee, at a rate of $200.00 per hour. Defendants object on several grounds to this amount of attorney fees.

In order to determine the appropriate amount of attorney fees, I have considered the briefs and supporting documents submitted by the parties, and I have fully considered the Kerr factors. First, the hourly rate sought by Mr. Duffy and Ms. Lavallee is somewhat high in light of the prevailing market rate

4 - ORDER

and the experience, skill and reputation of counsel.  Several judges in this district, including myself, have considered the prevailing market rate for plaintiff attorneys practicing civil rights law in this district, and I concur with Judge Stewart's analysis of the issue in <u>Davis v. Wyatt</u>, CV 97-1388-ST (D. Or. October 20, 1998).  Although Mr. Duffy is a respected and skilled trial lawyer and is very knowledgeable about police training, this case was his first civil rights employment action.  Similarly, Ms. Lavallee is an experienced trial lawyer with significant expertise in criminal law but she too is inexperienced in civil rights and employment law.  Therefore, I find that an hourly rate of $175 is reasonable for both Mr. Duffy and Ms. Lavallee in light of the prevailing market rate for attorneys of comparable skill, experience and reputation in the local legal market litigating cases of this nature.

Second, defendants contend that the amount of time plaintiff's counsel worked on this case should be reduced by 10% because plaintiff was unsuccessful on several of his claims.  With the exception of the hostile work environment claim, I find that plaintiff's counsel spent a minimal amount of time on the claims dismissed on summary judgment, and therefore, no reduction in the hours worked is required.  With respect to plaintiff's hostile work environment claim, I find that no reduction in the hours worked is required because the hostile work environment claim

5 - ORDER

involved the same common core of facts and was based in part on legal theories related to the employment discrimination and retaliation claims upon which plaintiff ultimately prevailed. See Hensely, 461 U.S. at 434-35 (unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories," whereas, related claims "involve a common core of facts or [are] based on related legal theories").

Third, defendants object on the ground that the hours worked by plaintiff's two attorneys involved unnecessary duplication of effort. I agree with defendants that it was unnecessary for both counsel to appear at each of the defendants' depositions. Consequently, I conclude that only the time of one counsel at the depositions should be included in the hours worked. I have calculated the number of hours that Mr. Duffy spent in the depositions of the defendants as 37.9 hours exclusive of time spent preparing for the depositions and his travel. I have calculated the number of hours that Ms. Lavallee spent in those same depositions as 38.1 hours and the hours she spent traveling to those depositions as 3 hours. Therefore, I will subtract 41 hours from the total hours worked.

Defendants also contend that plaintiff was only partially successful because he received only $872,446.42 rather than the $3.5 million in damages plaintiff demanded in his complaint. Defendants' argument is without merit. Without

6 - ORDER

question, plaintiff succeeded in his claims against defendants, as is clearly evidenced by the substantial verdict awarded to him by the jury and the ultimate award of $872,446.42 upheld by this court.

In sum, I reduce the requested hourly rate for Mr. Duffy and Ms. Lavallee to $175 an hour, and I reduce the hours worked by 41 hours for a total of 1,234.6 hours. This results in a lodestar figure of $216,055.00. Plaintiff seeks a multiplier of 1.5, arguing that this was a rare and exceptional case. However, I do not find that plaintiff's case was rare or exceptional. Therefore, I decline to multiply the lodestar by 1.5. I award plaintiff attorney fees in the amount of $216,055.00.

2. Litigation Expenses

Plaintiff also requests expert witness fees and litigation expenses in the amount of $21,204.07. This amount includes expert witness fees in the amount of $11,542.75, and litigation expenses itemized in Mr. Duffy's affidavit in the amount of $9,661.32. Defendants object to the amount of expert witness fees, arguing that expert witness fees are not recoverable under 42 U.S.C. § 1988 in excess of a $40 witness fee and that the amount charged for the deposition of Mr. Katsaris is excessive. Defendants are mistaken that expert witness fees are not recoverable under 42 U.S.C. § 1988. See 42 U.S.C. § 1988(c) ("the court, in its discretion, may include expert fees as part of the attorney's

7 - ORDER

fee"). However, I agree with defendants that the $2,000 fee charged by Mr. Katsaris for his deposition was excessive considering the relatively short length of the deposition. I reduce the $2,000 fee for the deposition to $500. Defendants do not object to the amount of litigation expenses claimed by plaintiff, namely $9,661.32, which appear reasonable. I award plaintiff $19,704.07 in expert witness fees and litigation expenses.

## CONCLUSION

Defendants' Motion to Amend the Judgment (#149) is granted. Plaintiff's Motion for Award of Fees and Litigation Expenses (#135) is granted in part and denied in part. Plaintiff is awarded $216,055.00 in attorney fees and $19,704.07 in expert witness fees and litigation expenses.

DATED this 11th day of July, 2001.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

8 - ORDER